UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER B. ROBINSON,

    Petitioner,

v.

SHANE JACKSON,

    Respondent.

Case No. 17-11400
Honorable Laurie J. Michelson

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE AMENDED PETITION FOR WRIT OF HABEAS CORPUS [3] AND DENYING AS MOOT MOTION FOR IMMEDIATE RELEASE/MOTION TO DISMISS [4]**

Christopher B. Robinson, a Michigan state prisoner, seeks a writ of habeas corpus. He challenges his confinement based upon alleged prosecutorial misconduct and jurisdictional defects in his conviction for assaulting or obstructing a police officer. (R. 3.) He also alleges jurisdictional defects in the revocation of his parole based upon the same offense. (R. 3.)

Since the filing of his habeas corpus petition, Robinson has also filed a motion to amend the petition (R. 3), a motion for immediate release/motion to dismiss (alleging that he was entitled to release from confinement even without habeas corpus relief) (R. 4), and an emergency petition for writ of habeas corpus, (R. 6).

Although the Court will grant Robinson's motion to amend pursuant to Fed. R. Civ. P. 15(a)(1), it will dismiss the amended petition without prejudice because Robinson has not shown exhaustion of state-court remedies. It will also deny as moot his motion for immediate release/motion to dismiss as well as his emergency petition for writ of habeas corpus.

## I.

In 1990, Robinson was convicted of first-degree criminal sexual conduct following a jury trial in the Washtenaw County Circuit Court. (R. 1, PID 65.) Robinson received a sentence of 12 to 30 years imprisonment. (R. 1, PID 50.)

After being released from prison, Robinson was subsequently charged in April 2013 with resisting or obstructing a police officer. (R. 3, PID 131.) Robinson, on parole at the time, was also charged with violating his parole and pled no contest to those three counts. (R 3, PID 124.)

Following a bench trial in Washtenaw County Circuit Court for the underlying resisting or obstructing charge, Robinson was convicted and sentenced to 24 to 48 months' imprisonment. *See People v. Robinson*, No. 323878, 2016 WL 370040 (Mich. Ct. App. Jan. 28, 2016). Robinson appealed arguing that the trial court failed to properly advise him before waiving his right to counsel. *Id.* The Michigan Court of Appeals vacated the conviction and remanded the case for further proceedings. *Id.* The trial judge held a second bench trial, Robinson was again convicted, and again sentenced to 24 to 48 months' imprisonment. (R. 1, PID 1.) Robinson did not appeal the conviction.

## II.

In his amended petition, Robinson now challenges his state-court conviction for resisting or obstructing a police officer on grounds that the trial court lacked personal and subject-matter jurisdiction and the prosecution was motived by prosecutorial vindictiveness. (R. 3, PID 77–81.) He also challenges his parole revocation on the ground that the parole board lacked jurisdiction over the proceeding. (R. 3, PID 81–83.) Robinson has failed to exhaust these claims in state court and the petition will be dismissed without prejudice on that basis.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first

exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The district court has a duty to raise any exhaustion issues *sua sponte*. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). Robinson, as the petitioner, has the burden to prove exhaustion, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), and he has failed meet this burden. Again, a review of the state court website shows that Robinson did not appeal his 2016 conviction to the Michigan Court of Appeals or Michigan Supreme Court. *See Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (courts may take judicial notice of proceedings in other courts). Although the time for filing a direct appeal has expired, a prisoner is required to comply with the exhaustion requirement as long as there is still a state-court procedure available. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, Robinson may file a motion for relief from judgment from his resisting-and-obstructing conviction under Michigan Court Rule 6.502. If that motion is denied, he may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.

Robinson has also not exhausted the claims related to his parole revocation by properly filing a complaint for writ of habeas corpus in the appropriate state circuit court. *See* Mich. Comp. Laws § 600.4301 *et seq.*, Mich. Ct. R. 3.303. There is no time limit for the filing of a state complaint for habeas corpus so long as the prisoner will be in custody at the time the judgment becomes effective. *Triplett v. Deputy Warden*, 371 N.W.2d 862, 865 (Mich. Ct. App. 1985).

In response, Robinson argues that a conspiracy among state actors renders exhaustion futile. (R. 3, PID 74–77.) True, the exhaustion requirement can be excused if exhaustion would be "an exercise in futility." *See Lucas v. People of State of Michigan*, 420 F.2d 259, 262 (6th Cir. 1970). But Robinson has not shown futility. In support of his argument, Robinson attaches the following documents to his amended petition: two state court orders regarding petitions filed in

2014, prior to the conviction at issue in his amended petition (R. 3, PID 86–88); a letter from the Michigan Court of Appeals informing Robinson that his petition for writ of habeas corpus was defective for failing to include a proof of service and a copy of his prisoner account statement (R. 3, PID 90); his petition to the Washtenaw County Trial Court (R. 3, PID 128–29); and a form from the Washtenaw County Circuit Court Clerk stating that his petition was returned because he filed it in the wrong court (R. 3, PID 103). None of these documents demonstrate that state actors are conspiring to foil Robinson's attempts at state habeas relief. The 2014 orders concern a prior petition and are not relevant. The rest of the documents demonstrate that Robinson incorrectly filed previous habeas corpus petitions. Apparently, the only thing stopping Robinson from exhausting is a number of small defects that should be easily corrected once Robinson files his habeas corpus petitions in the correct county with the correct documentation. (*See* R. 3, PID 90, 103.)

Therefore, exhaustion is not futile and Robinson must first exhaust his state-court remedies prior to seeking habeas relief in federal court.

### III.

Accordingly, the Court GRANTS Robinson's motion to amend his petition (R. 3) and DISMISSES the Amended Petition for Writ of Habeas Corpus (R. 3) WITHOUT PREJUDICE. In the absence of a viable petition, and because they are based upon the same unexhausted claims as are in his petition, the Court further DENIES AS MOOT Petitioner's Motion for Immediate Release/Motion to Dismiss Habeas Corpus (R. 4) as well as Petitioner's Emergency Petition for Writ of Habeas Corpus (R. 6). The Court also believes that no reasonable jurist would debate the Court's conclusion that the petition should be summarily dismissed without prejudice, so a certificate of appealability will not issue from this Court. *See* 28 U.S.C. § 2253(c)(2). But if

Robinson nonetheless chooses to appeal, he may proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: January 9, 2018

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 9, 2018.

s/Keisha Jackson
Case Manager